# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal No. 18-cr-67 (TSC) |
| | ) | |
| **TAREK ABOU-KHATWA,** | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION

Defendant Tarek Abou-Khatwa is appealing his conviction of a complex, multi-year insurance fraud scheme. He previously asked the court to delay the start of his incarceration pending the outcome of that appeal. ECF No. 205. On January 31, 2022, the court denied his request, explaining that Defendant's appeal did not present a "close question" as to each count on which he was sentenced to prison. ECF No. 211. Undeterred, Defendant filed an "Emergency Motion" with this court stating his intent to lodge a second appeal, this time challenging the court's January 31 Order, and he requested that his self-surrender date be postponed pending the outcome of that new appeal. ECF No. 213. The court will—again—deny his request.

Defendant's conviction is presumed valid, *United States v. Perholtz*, 836 F.2d 554, 556 (D.C. Cir. 1988), and he bears the burden of rebutting that presumption, *United States v. Han*, No. CR 15-142 (JEB), 2018 WL 6573453, at *1 (D.D.C. Dec. 13, 2018). In his previous motion, Defendant failed to rebut that presumption because he did not present a "substantial question of law" as to each count of his conviction for which he faces imprisonment. ECF No. 211 at 5-6. Accordingly, the court held Defendant's self-surrender date in place. *Id.* at 6.

Defendant now argues that his self-surrender date should be delayed while he appeals that decision. He contends that his current self-surrender date is not "sufficient to allow time for briefing before both the district court and the court of appeals, as the parties originally intended." ECF No. 213 at 4. He claims that additional time is necessary for "a motion to the D.C. Circuit appealing this Court's order denying release pending appeal [to be] decided by that Court." *Id.* He also argues that refusal to grant further delay would "frustrat[e] his appeal rights under Section 3145(c) and Rule 9(b)." *Id.* at 3. Defendant's arguments are unpersuasive.

The government points out that when it agreed to delay Defendant's self-surrender date from January 10 to February 10, 2022, to allow "briefing of a motion to release pending appeal before the district court and court of appeals," it did not contemplate additional delay for an appeal. ECF No. 214 at 2. In other words, the government refutes—and the court rejects—Plaintiff's suggestion that both parties "originally intended" additional delay.

In addition, the court disagrees that emergency action is necessary to avoid "frustrating his appeal rights under Section 3145(c) and Rule 9(b)." ECF No. 213 at 3. First, 18 U.S.C. § 3145(c) pertains to appeals of detention orders, not release from custody, and so it is inapplicable here. Second, nothing in the court's January 31, 2022, Order restricts Defendant's ability to seek relief from the Court of Appeals. The court is aware that the timeline for Defendant to both appeal this court's January 31 Order, and receive a decision on that appeal before his February 10 self-surrender date, is truncated. But Defendant—not the court—bears responsibility for that accelerated schedule. For instance, Defendant notified the court that he was appealing his conviction on June 10, 2021, ECF No. 195, and filed his opening appellate brief on November 1, 2021. Defendant could have moved to delay his surrender date pending appeal at that point, but instead waited until December 6, 2021. When Defendant did eventually file his motion, he

requested only a one-month delay, from January 10 to February 10, 2022, which the court granted. ECF No. 205; Min. Order (Dec. 9, 2021). And third, rather than immediately appeal the court's January 31 Order, Defendant waited two days to again move for relief *in this court*, and then proposed an additional two-day briefing schedule. ECF No. 213. In short, Defendant's concerns about his ability to obtain relief from the Circuit are a product of his own doing.

Finally, in a footnote in his reply brief, Defendant requests that if the court denies the present motion that he be permitted "a short postponement, e.g., two weeks, so that he may appeal the Court's disposition of the instant motion." ECF No. 215 at 1 n.1. In other words, Defendant would like *three* appeal tracks: one attacking the merits of his conviction, which is now fully briefed and awaiting disposition from the Circuit; a second challenging the court's January 31 Order denying his request to delay his sentence pending the first appeal, which Defendant reports "is being filed today," ECF No. 215 at 1; and a third challenging this decision to deny his request to delay his sentence pending resolution of the second appeal. Will Defendant also seek a fourth appeal, challenging the court's decision to deny the request to delay his sentence pending resolution of his third appeal? Defendant is within his rights to do so, and nothing in this court's January 31 Order, or today's decision, frustrates his ability to request relief from the Circuit.

Accordingly, for reasons explained above, the court will deny Defendant's latest request to delay the start of his incarceration.

Date: February 4, 2022

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge